**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8021 PSG (CWx) | Date | February 24, 2009 |
|---|---|---|---|
| Title | Neil Vinetz v. Wolpoff & Abramson, L.L.P. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present                                              Not Present

**Proceedings:**     (In Chambers) Order on Defendants' Suggestion of Death

I.     BACKGROUND

The present case arises out of an earlier case brought in state court. In the state court case, *Palisades Collection, LLC v. Vinetz*, LASC 05C02355 ("Palisades Lawsuit"), Palisades Collection, LLC ("Palisades") filed a lawsuit against Neil Vinetz ("Plaintiff") on October 3, 2005 as the successor-in-interest on an allegedly defaulted credit card debt owed by Plaintiff. *Compl.* ¶ 8. The Palisades Lawsuit brought claims against Plaintiff on the same alleged credit card debt that was disputed in yet another state court case in which Providian sued Plaintiff ("Providian Lawsuit"). *Id.* The Providian Lawsuit was filed on or around October 3, 2002 and was dismissed by the state court on or about July 8, 2003. *Id.*

Despite the dismissal of the Providian Lawsuit, Palisades proceeded with the prosecution of the Palisades Lawsuit. *Id.* at ¶ 10. On or around January 5, 2007, the state court held a trial in the Palisades Lawsuit. *Id.* At the trial, the Palisades Lawsuit was dismissed on the ground that Defendant Palisades did not meet its burden of proof to establish a prima facie case, and a judgment was entered in favor of Plaintiff. *Id.* Plaintiff then dismissed his counterclaims without prejudice. *Id.*

Plaintiff then filed a complaint on July 2, 2007 against Palisades and Wolpoff & Abramson, LLP ("Defendants") in state court for the harm he allegedly suffered as a result of being sued by Palisades. On December 10, 2007, Defendants removed the case to this Court.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8021 PSG (CWx) | Date | February 24, 2009 |
|---|---|---|---|
| Title | Neil Vinetz v. Wolpoff & Abramson, L.L.P. | | |

On January 23, 2009, Defendants filed a motion for summary judgment, on which oral argument was to be presented on February 23, 2009. Then, on February 9, 2009, Defendants filed a suggestion of Plaintiff's death pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. In that suggestion of death, Defendants notify the Court that Plaintiff died on September 14, 2008.[1]

II.     DISCUSSION

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that:

If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

The procedures prescribed in Rule 25(a)(1) need only be followed if the cause of action survives the death of the party. *See Asklar v. Honeywell, Inc.*, 95 F.R.D. 419, 422 (D. Conn. 1982); *Commercial Solvents Corp. v. Jasspon,* 92 F. Supp. 20, 22 (S.D.N.Y. 1950). To determine the survival of the cause of action, courts turn to the substantive law controlling the suit. Fed. R. Civ. P. 25(a)(1); *see also Asklar*, 95 F.R.D. at 422.

Plaintiff has asserted four claims under California state law: (1) malicious prosecution; (2) violation of California's Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq., (3) intentional infliction of emotional distress ("IIED"); and (4) negligent infliction of emotional distress ("NIED").[2] Accordingly, the Court turns to California law.

California's survivorship statute is found at section 377.20 of the California Civil Procedure Code. It provides "[e]xcept as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death . . . ." Cal. Civ. Proc. § 377.20. California Civil Procedure Code section 377.34 is such a statutory exception. *See* Cal. Civ.

---

[1] This would explain why Defendants' attempt to meet and confer with Plaintiff regarding the filing of their motion for summary judgment proved fruitless.

[2] In actuality, Plaintiff originally asserted five claims against Defendants. However, the Court dismissed one of these claims–a claim for abuse of process–on May 16, 2008. *See Order on Defendants' Motion to Dismiss* (May 16, 2008).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8021 PSG (CWx) | Date | February 24, 2009 |
|---|---|---|---|
| Title | Neil Vinetz v. Wolpoff & Abramson, L.L.P. | | |

Proc. Code § 377.34.[3]  As the California Supreme Court recently confirmed, "by declaring that in an action brought under the general survival statute, the damages 'are limited to' losses incurred before death and 'do not include' damages for pain and suffering, section 377.34 provides in effect that causes of action do *not* survive to the extent that they include losses incurred after death or damages for pain and suffering."  *Sullivan v. Delta Air Lines*, 15 Cal. 4th 288, 299, 63 Cal. Rptr. 2d 74 (1997) (emphasis in original).

It is apparent from the face of the Complaint that Plaintiff's NIED claim does not survive. The only damages at issue in that claim are damages for "severe emotional distress."  *Compl.* ¶ 34.  Consequently, Plaintiff's death extinguished this claim.  Cal. Civ. Code § 377.34; *Sullivan*, 15 Cal. 4th at 306.  By contrast, Plaintiff's claim for malicious prosecution survives his death. According to Plaintiff, he incurred $10,000 in attorney's fees and costs while defending the lawsuits filed by Defendants.  *Compl.* ¶¶ 15 & 21.  As these damages are not damages for "pain, suffering, or disfigurement," Plaintiff's death did not extinguish this claim; that is, at least to the extent he seeks to recover damages that are not prohibited under section 377.34.  Likewise, Plaintiff's Fair Debt Collection Practices claim survives his death.  In connection with that claim, Plaintiff seeks to recover actual damages in the amount in excess of $25,000.  Admittedly, it is unclear whether these damages encompass damages other than those relating to "pain, suffering, or disfigurement."  However, in light of Plaintiff's pro se status, the Court construes this averment to encompass more than damages for "pain, suffering, or disfigurement."  *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally including pro se motions as well as complaints.").  Consequently, to the extent Plaintiff seeks to recover damages that do not include "pain suffering, or disfigurement," that claim also survives Plaintiff's death.[4]

Having determined that Rule 25(a)(1) does apply in this case, the Court next considers whether Defendant's suggestion of death has become effective.  Before a suggestion of death

---

[3] In its entirety, section 377.34 of the California Civil Procedure Code reads as follows:

In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and do not include damages for pain, suffering, or disfigurement.

[4] As two of Plaintiff's claims survive his death, the Court need not speculate on whether Plaintiff's death extinguished his IIED claim, which seeks both damages for emotional distress *and* punitive damages.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8021 PSG (CWx) | Date | February 24, 2009 |
|---|---|---|---|
| Title | Neil Vinetz v. Wolpoff & Abramson, L.L.P. | | |

becomes effective, certain procedural rituals must be observed.  *See* Fed. R. Civ. P. 25(a)(1); *see also United States v. Seventy-One Firearms*, 2006 WL 1983240 (D. Nev. July 13, 2006); *Watts v. Fed. Express Corp.*, 2005 WL 195556 (D. D.C. Jan. 28, 2005).  Specifically, Rule 25(a)(1) "requires two affirmative steps to trigger the running of the 90 day period."  *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).  The first step is to formally suggest the death of the party upon the record.  *Id.*  The second step is to serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute.  *Id.*

In this case, Defendants, by filing a suggestion of death with the Court on February 9, 2009, have fulfilled the first step.  Also, Defendants have fulfilled the second step.  By sending mail to the address Plaintiff listed on the docket and inquiring into whether any probate matters have been opened regarding Plaintiff's estate, Defendants have made attempts to determine who to serve under Federal Rule of Civil Procedure 25.  This, combined with the filing of the suggestion of death, is sufficient to support a finding that they have fulfilled the second step. *See Barlow*, 39 F.3d at 233.  Accordingly, the Court finds that because Defendants have complied with Federal Rule of Civil Procedure 25, the 90-day period set forth therein has been triggered.

The last task before the Court is to determine when the 90-day period began to run.  Ordinarily, the 90-day period does not commence until suggestion of death is made by service of a statement of the fact of the death as required by Federal Rule of Civil Procedure 25.  *See United States v. Miller Bros. Constr. Co.*, 505 F.2d 1031, 1034 (10th Cir. 1974).  Here, as noted above, the Court equates the combination of Defendants' attempts to ascertain the identities of Plaintiff's potential successors or representative and its filing of the suggestion of death with service of a statement of the fact of the death to the address listed on the docket.  Accordingly, the Court treats the date on which Defendants' sufficiently complied with *Barlow* as the date on which the 90-day period commenced.  That date is February 9, 2009.

III.    CONCLUSION

For the foregoing reasons, the Court finds that the 90-day period set forth in Federal Rule of Civil Procedure 25 has been triggered.  Unless substitution is made by **May 11, 2009**, the action shall be dismissed as to Plaintiff, with prejudice.

Additionally, all parties are to be made aware of the following calendar changes:

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-8021 PSG (CWx) | Date | February 24, 2009 |
|---|---|---|---|
| Title | Neil Vinetz v. Wolpoff & Abramson, L.L.P. | | |

1. The pretrial and trial dates are hereby vacated.
2. A status conference is hereby set for May 18, 2009 at 2:30 p.m.
3. All pending motions are hereby continued until May 18, 2009 at 2:30 p.m.

**IT IS SO ORDERED.**